UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES W. CHURCHILL, JR.                                                    Plaintiff

v.                                                    Civil Action No. 3:20-CV-11-RGJ

JERRY NOWICKI, *et al.*                                                    Defendants

\* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Plaintiff James W. Churchill, Jr., filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On the same day Plaintiff filed the complaint, he filed a document which he captioned "Notes/recaps" (DN 3). The Court construes the filing as an attachment to the complaint and will consider the allegations in that document upon initial review. For the reasons that follow, the instant action will be dismissed.

## I. SUMMARY OF ALLEGATIONS

Plaintiff sues the following Defendants: Jerry Nowicki, whom Plaintiff identifies as an employee of Volunteers of America; Maria Price, identified as a Coordinator at St. John's Center; Tom Parmenter, identified as a Case Manager at St. John's Center; John Miles, identified as a "Coordinator or Administrator"; Maggie Elder, identified as the Chief Operating Officer of Metro United Way; Theresa Reno-Weber, identified as the C.E.O. of Metro United Way; Nicole Yates, identified as a Director for Congressman John Yarmuth; Eileen Ward, identified as a Homeless Veteran Coordinator for "KDVA," which the Court presumes is the Kentucky Department of Veterans Affairs; Colletta Brown, identified as "HUD/Vash Rental Assistance"; and Lillian Ward, whose employer or job title Plaintiff does not identify.

In the attachment to the complaint, Plaintiff states as follows:

Why am I suing these entities?  I am suing them to stop its, or the unconstitutional practices of telling me that they don't pay any ones rent, and especially mines.  And also telling me that I have to get an eviction notice before any agency will, or would help me.  The eviction notice is unconstitutional, and a Deprivation of my civil rights and human rights.  As in the KIPD Social Services, "the Kentuckian Regional Planning and Development Agency," sees to it and is responsible for administering federal, and state funded programs for the citizens of Kentucky counties including Jefferson counties.

So all of these helping agencies, get help with money to help us, the citizens of Kentucky.  Also, there is Deprivation going on with all of these agency's to stop money from coming to a citizen who has paid his share of taxes into this type of entity.  And who has served his country with valor and a distinguished mode.
. . .
I would like for the judge and the court system to do, is make all of these entity's pay my rent for one whole year, in the amount of $701.00 per month.  And to see to it that this type of behavior is stopped in its tracts, and suddenly.  This way no one has to go through this type of craziness ever again.

Plaintiff further asserts the following:

These are the entities that I am suing for not helping me to get the rent that I needed to stay afloat on this planet.  They refused me services due to that, this is a Democratic swamp Place.  They are keeping the money to themselves and not letting the citizens of Louisville, Kentucky-get-the money to help the citizens of this city.  I went to all of these places in December of 2019, and all of these places shut the door in my face.

All of these people who is in charge of these help the citizens programs, do not want to help the ones that need help, like me.  They rather see me, and citizens like me, out in the streets in the cold, and, or hot weather. . . . They tell us to bring them an eviction notice before they can, or will help us. Why in the hell do we have to get evicted first?

When we get evicted, that's a bad credit report.  And if we get put out on the streets, then it's also a bad credit report and we cannot get any housing help.  Because now we are on the streets and no housing people wants to be bother with us, due now to the bad credit report because of an eviction as we cannot help our self's, or even get up for a while, due to the knock down giving to us citizens by these so called Swamp democrats whom are in charge of these programs to help us.  Judge, can you see the picture here as to why those Democrats wants us on the streets with no help?  It is a satifying agenda in their hat to see us down and out on the street.

2

Plaintiff includes specific allegations against several Defendants.  With regard to Defendant Parmenter, Plaintiff states that he led him on a "wild goose chase" for three weeks and promised to assist him but did not.  As to Defendant Ward, who apparently works for the Kentucky Department of Veterans Affairs, Plaintiff states, "This place that should of helped me with the rent.  But I was told that I was giving help some 9 years ago.  And they only allow you to get help once in a life time."  With regard to Defendants Yates and Brown, he states that he received "no help" from them.  As to Defendants Reno-Weber and Elder, Plaintiff states, "These people was supposed to help me n paying for my rent, but they passed the bucket on me and sent me to someone else who could not help me, either."

With regard to Volunteers of America, he states that it would not help him unless he had an eviction notice.  He states the following:

> Why go that far just to help someone that's in need for one month's rent?  To tell anyone to get an eviction notice is just down right unconstitutional.  It is also a "Deprivation" of my civil rights to make me go get an eviction notice when that is not warranted.  This is a conspiracy to hold onto the moneys giving to the agencies to give to the people in the need.  And I was in the need and still are in a need. 18 USC codes 241, and 242, covers the Deprivations that all of these agencies put me through, and under. They caused me to be stressed out, and emotional depressed, and damaged.

## II.  STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, the

duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III.  ANALYSIS

Plaintiff alleges violations of his constitutional rights.  Claims for violations of constitutional rights must be brought under 42 U.S.C. § 1983.  *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").  Section 1983 has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't*

*of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that Defendants deprived him of his constitutional rights because they did not provide him with assistance in paying his rent.  There is no constitutional right to receive rental assistance where it is not mandated by a federal statute or regulation.  *Ridgely v. FEMA*, 512 F.3d 727, 736 (5th Cir. 2008).  In *Ridgely*, the court held as follows:

> The "mere existence of a governmental program or authority empowered to grant a particular type of benefit to one such as the plaintiff does not give the plaintiff a property right, protected by the due process clause, to receive the benefit, absent some legitimate claim of entitlement--arising from statute, regulation, contract, or the like--to the benefit."

*Id.* at 735 (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 941 (5th Cir. 1995) (emphasis omitted)).  Plaintiff cites no statute, regulation, or contractual requirement which establishes that he is entitled to rental assistance from any of the Defendants.  Without showing a constitutional right to receive the assistance, he has failed to state a claim against any of the Defendants under § 1983, and the claims must be dismissed.

Plaintiff cites 18 U.S.C. §§ 241 and 242.  However, these are criminal statutes and create no property interest in the rental assistance that Plaintiff alleges he was denied.  Moreover, as criminal statutes, they do not create a private right of action.  *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003).  Further, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam).  Therefore, Plaintiff's attempt to bring claims under these criminal statutes fails, and the claims must be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:    June 2, 2020

Rebecca Grady Jennings, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
A961.010