UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES W. CHURCHILL, JR.                                              Plaintiff

v.                                              Civil Action No. 3:20-CV-11-RGJ

JERRY NOWICKI, *et al.*                                              Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff James W. Churchill, Jr., filed the instant *pro se* action.  The Court dismissed the case by Memorandum Opinion and Order entered on June 3, 2020 (DNs 8 and 9).  This matter is before the Court on Plaintiff's motion requesting the Court to reconsider the dismissal of this case (DN 10).

## I.

In support of his motion, Plaintiff states as follows:

AS I have mentioned before in my explained case that these agencies' meant to bring me unconforablity as in helping me with my rent, as these agencies have established them self to do, which is to help citizens when they ask for social help, of which I did not get that help, under the guides of the United States government, whether state or city.

He further states, "These agencies did the 'Act of Deprivation' Which is the state of keeping me from the use of the governments community help, to the citizens, that lives there, and the need for the use of the governments social commitments."  He continues, "I was eligible for public charity. Which I was blatantly, and fraudulently, denied this service by all of these public agencies."  He argues that 42 U.S.C. § 1983 should apply to municipalities and local government units.  He states that he attaches a "copy of my letter, that were sent first in the first paper works sent this court for my case."

Plaintiff further states, "This court made a threat to, and toward me, as in 'The Court further certifies that an appeal of this action would not be taken in good faith'.   Which is again a Deprivation of my civil and constitutional rights being targeted . . . ."   He further states the following:

> This will be dealt with in another law suit that will be sent to another court.  Also this will be dealt with since you are the law, under the color of law 18 US code 242. Which states that if more persons conspire to oppress, injure, threaten, or intimidate any person of any state, territory, or district in the free exercise of enjoyment of any right, or privilege secured to him/her by the Constitution, or the laws of the united states (or because of his/her having exercised the same) it further make it unlawful for two or more persons to deprive that person(s) of their civil and constitutional rights.

Plaintiff continues, "As you have threatened me with you unpleasantly misconducts of your behavior.  You have begun to hurt and injure me greatly.  You the court and your court clerks have conspired against rights to a complaint, and conspiracy to deny rights."   He states, "Also I am charging these help agencies with conspiracy to deprive constitutional rights, conspiracy to deny civil rights."   Plaintiff also asks for a court appearance.

## II.

The Court may construe Plaintiff's motion to reconsider as brought under Federal Rule of Civil Procedure 59(e) or 60(b).  Under Rule 59(e), a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment."  The Rules further provide that "[a] court must not extend the time to act under Rules . . . 59(b), (d), and (e) . . . ."  Fed. R. Civ. P. 6(b)(2); *see also Jackson v. Crosby*, 375 F.3d 1291, 1293 n.5 (11th Cir. 2004) (noting that Rule 6(d) "can never extend the time for filing a Rule 59(b) or (e) motion").  Because more than 28 days elapsed between the entry of the dismissal Order and Plaintiff's filing of his motion to reconsider, the Court may not construe the motion as seeking to alter or amend the judgment under Rule 59(e).

Therefore, the Court must construe the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiff makes no argument that supports relief under subsections (1)-(5).  Therefore, the only subsection of Rule 60(b) which could apply would be (6), *i.e.*, "any other reason that justifies relief."

Plaintiff alleged in the complaint that Defendants deprived him of his constitutional rights because they did not provide him with assistance in paying his rent.  Because Plaintiff was proceeding *in forma pauperis*, the Court was required to conduct an initial review of the complaint under 28 U.S.C. § 1915(e).  Upon initial review, the Court ruled that there is no constitutional right to receive rental assistance where it is not mandated by a federal statute or regulation.  *Ridgely v. FEMA*, 512 F.3d 727, 736 (5th Cir. 2008).  The Court cited *Ridgely* as stating the following:

> The "mere existence of a governmental program or authority empowered to grant a particular type of benefit to one such as the plaintiff does not give the plaintiff a property right, protected by the due process clause, to receive the benefit, absent some legitimate claim of entitlement--arising from statute, regulation, contract, or the like--to the benefit."

*Id.* at 735 (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 941 (5th Cir. 1995) (emphasis omitted)).  The Court found that Plaintiff cited no statute, regulation, or contractual requirement which established that he was entitled to rental assistance from any of the Defendants.  Therefore,

the Court found that Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also cited 18 U.S.C. §§ 241 and 242 in support of his complaint.  The Court found that that these criminal statutes created no property interest in the rental assistance that Plaintiff alleged he was denied nor did they create a private right of action.  *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003).  The Court also found that "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam).  Thus, the Court dismissed Plaintiff's claims under criminal statutes for failure to state a claim upon which relief may be granted.

The Court finds that Plaintiff reiterates the same claims he made in the complaint in the instant motion.  A motion to reconsider is not a platform to relitigate arguments previously considered and rejected. *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 672 (6th Cir. 2003).  Moreover, "relief under Rule 60(b)(6) . . . requires a showing of extraordinary circumstances."  *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (quotations omitted).  "[C]ourts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity **mandate** relief.'"  *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).  Plaintiff has not shown extraordinary circumstances mandating relief under Rule 60(b)(6), and his motion will be denied.

Further, with regard to Plaintiff's statement that the Court made a "threat" to him in stating in the dismissal Order that "an appeal of this action would not be taken in good faith[,]" 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken in forma pauperis if the trial court certifies in

writing that it is not taken in good faith." This was a determination made by the Court pursuant to § 1915(a)(3), and it was by no means intended as a threat to Plaintiff.

Finally, to the extent Plaintiff seeks to charge any party with conspiracy to violate his civil rights, as the Court instructed in its prior Memorandum Opinion, the Attorney General has the sole authority to determine whether and when to prosecute anyone. *See Powell v. Katzenbach*, 359 F.2d at 235.

## III.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to reconsider (DN 10) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Defendants
A961.010